Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott A. Burroughs (SBN 235718)
scott@donigerlawfirm.com
Benjamin F. Tookey (SBN 330508)
btookey@donigerlawfirm.com
DONIGER/BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDER STROSS, an individual, | Case No.: |
| Plaintiff, | COMPLAINT FOR: |
| v. | 1. COPYRIGHT INFRINGEMENT |
| STATIC MEDIA, LLC, individually and d/b/a BUZZNICK, L.L.C.; and DOES 1 through 10, | 2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT |
| Defendants. | Jury Trial Demanded |

ALEXANDER STROSS, by and through his undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

### JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq.*

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

1
COMPLAINT

3.  Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

**PARTIES**

4.  Plaintiff ALEXANDER STROSS ("STROSS" or "Plaintiff") is an individual residing in Austin, Texas.

5.  Upon information and belief, Plaintiff alleges that Defendant STATIC MEDIA, LLC ("STATIC") is a Utah limited liability company with its principal place of business located at 2825 East Cottonwood Parkway, Suite 500, Salt Lak City, UT 84121, and the owner of BUZZNICK, L.L.C. ("BUZZNICK").

6.  Upon information and belief, Plaintiff alleges that Defendant BUZZNICK is a Utah limited liability company with its principal place of business located at 8750 Sandy Parkway, Suite D, Sandy, UT 84070, and is the owner of the website https://www.buzznicked.com/. Upon information and belief, Plaintiff further alleges that the IP addresses for website https://www.buzznicked.com/ are 104.26.1.56, 172.67.72.242, and 104.26.0.56, all of which are located in San Francisco, CA and hosted by CloudFare Inc., which is also located in San Francisco, CA.

7.  Upon information and belief, Plaintiff alleges that Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual, or otherwise, of DOE Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said DOE Defendants 1 through 10 by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

8.  Upon information and belief, Plaintiff alleges that at all times relevant hereto, each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship, and/or employment; and actively participated in or subsequently ratified and/or adopted each of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including full knowledge of each violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## CLAIMS RELATED TO THE SUBJECT PHOTOGRAPHS

9.  STROSS is a professional photographer and owns the fifteen original photographs shown below (the "Subject Photographs"), which were registered with the United States Copyright Office on February 20, 2012 under U.S. Copyright Reg. No. VAu 1-089-810:





COMPLAINT





5



COMPLAINT





COMPLAINT



10. Upon information and belief, Plaintiff alleges that following the publication and display of the Subject Photographs, Defendants, and each of them, used the Subject Photographs without Plaintiff's authorization or consent for commercial purposes in various ways, including on BUZZNICK's website located at https://www.buzznicked.com/ (collectively, the "Offending Posts").

11. Screen captures of Defendants' unauthorized uses of the Subject Photographs in the Offending Posts are set forth below:











COMPLAINT







COMPLAINT





COMPLAINT



COMPLAINT



12. On December 17, 2020, STROSS issued a cease-and-desist demand to STATIC and BUZZNICK, requesting that they cease-and-desist in their exploitation of the Subject Photographs and provide certain information as to their exploitation of the Subject Photographs. STATIC and BUZZNICK failed to meaningfully respond, necessitating this action.

## FIRST CLAIM FOR RELIEF

**(For Copyright Infringement - Against All Defendants, and Each)**

13. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

14. Upon information and belief, Plaintiff alleges that Defendants, and each of them, had access to the Subject Photographs, including through Plaintiff's website and social media accounts or viewing the Subject Photographs via Internet search engines or on third-party websites (e.g., Tumblr, Pinterest, etc.).

15. Upon information and belief, Plaintiff alleges that Defendants, and each of them, infringed Plaintiff' copyrights in and to the Subject Photographs by copying,

displaying, reproducing, distributing, publishing, and otherwise using the Subject Photographs, including by exploiting the Subject Photographs on BUZZNICK's website https://www.buzznicked.com/ as depicted above, without Plaintiff's authorization or consent.

16. Due to Defendants', and each of their, acts of copyright infringement, Plaintiff has suffered damages in an amount to be established at trial.

17. Due to Defendants', and each of their, acts of copyright infringement, Defendants, and each of them, have obtained profits they would not otherwise have realized but for their infringement of the Subject Photographs. As such, Plaintiff is entitled to disgorgement of Defendants', and each of their, profits attributable to the infringement of the Subject Photographs in an amount to be established at trial.

18. Upon information and belief, Plaintiff alleges that Defendants, and each of them, have committed acts of copyright infringement which were willful, intentional, and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000.00 per infringement. Within the time permitted by law, Plaintiff will make his election between actual damages and statutory damages.

## SECOND CLAIM FOR RELIEF

**(For Vicarious and/or Contributory Copyright Infringement Against STATIC)**

19. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

20. Upon information and belief, Plaintiff alleges that STATIC had the right and the ability to supervise the infringing conduct and had a direct financial interest in the infringing conduct. Specifically, STATIC had the ability to oversee, and realized profits from, the development, display, reproduction, publication, and distribution of the Offending Posts.

21. By reason of STATIC's acts of contributory and vicarious infringement, Plaintiff has suffered, and will continue to suffer, damages to his business in an amount to be established at trial.

22. Due to STATIC's acts of vicarious and/or contributory copyright infringement, STATIC has obtained direct and indirect profits it would not otherwise have realized but for its infringement of Plaintiff's copyrights in and to the Subject Photographs. As such, Plaintiff is entitled to disgorgement of STATIC's profits attributable to STATIC's vicarious and/or contributory infringement of Plaintiff's copyrights in and to the Subject Photographs, in an amount to be established at trial.

23. Upon information and belief, Plaintiff alleges that STATIC has committed acts of vicarious and/or contributory copyright infringement which were willful, intentional, and malicious, which further subjects STATIC to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000.00 per infringement, in addition to claims for costs and attorneys' fees. Within the time permitted by law, Plaintiff will make his election between actual damages and statutory damages.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows:

    a.  That Defendants and their respective agents, servants, and anyone acting in concert with them be enjoined from displaying, reproducing, distributing, publishing, or otherwise using the Subject Photographs without Plaintiff's authorization or consent and in violation of Plaintiff's copyrights in and to the Subject Photographs, including an order requiring that Defendant be enjoined from displaying, reproducing, distributing, publishing, offering for sale, selling, or otherwise trafficking in any product that infringes Plaintiff's copyrights in the Subject Photographs, and requiring Defendants, and each of them, to

remove the Subject Photographs from the https://www.buzznicked.com/ websites and any and/or all associated catalogs or materials;

b. That Plaintiff be awarded all profits of Defendants, and of them, attributable to their infringement, plus all losses of Plaintiff, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 101 *et seq.*, and other applicable law;

c. That Plaintiff be awarded his attorneys' fees as available under the Copyright Act, 17 U.S.C. § 505 *et seq.*;

d. That Plaintiff be awarded pre-judgment interest as allowed by law;

e. That Plaintiff be awarded the costs of this action; and

f. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Dated: May 3, 2021                              DONIGER/BURROUGHS

                                     By:   */s/ Stephen M. Doniger*
                                           Stephen M. Doniger, Esq.
                                           Benjamin F. Tookey, Esq.
                                           *Attorneys for Plaintiff*